UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEBORAH CURRY,

                    Plaintiff,          **DECISION AND ORDER**
                                        **No.6:15-cv-06360-MAT**

          -vs-


PENN CREDIT CORPORATION,

                    Defendant.
_____

## I.   Introduction

        Presently before the Court is a Motion to Vacate Clerk's Entry
of Default (Dkt #7) filed by Penn Credit Corporation ("Defendant")
pursuant to Rule 55(c) of the Federal Rules of Civil Procedure
("Rule 55(c)"). Through her retained counsel, Deborah Curry
("Plaintiff") has opposed (Dkt #10) the motion. For the reasons
discussed below, Defendant's motion is granted.

## II.  Factual Background

        Defendant is a corporation specializing in debt collection
with its principal place of business in Harrisburg, Pennsylvania.
The debt at issue allegedly owed by Plaintiff arose out of a
delinquent utility bill and therefore concerns a transaction
entered into by Plaintiff primarily for personal, family, or
household purposes. Beginning in early March 2015, and continuing
through April 2015, Defendant's representatives placed telephone

calls to Plaintiff's cellular telephone in its attempts to collect the alleged debt.

Plaintiff, in an attempt to avoid future communication, called Defendant in April 2015, revoking any prior consent to be contacted on her cellular telephone. According to Plaintiff, Defendant ignored Plaintiff's revocation and called her cellular phone an average of three to four times each day, more than ten times each week. Plaintiff alleges that Defendant also failed to send her written notification of her rights to dispute the debt or to request verification of the debt, and failed to provide her with the amount of the debt and the name of the original creditor. Plaintiff accuses Defendant of taking the above-described actions with the intent to abuse, harass, and annoy her in connection with the collection of a debt.

Through counsel, Plaintiff filed a Complaint (Dkt #1) on June 12, 2015, against Defendant, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

On June 22, 2015, Defendant received service of Plaintiff's Summons and Complaint. Under Rule 12(a) of the Federal Rules of Civil Procedure, Defendant's Answer was due July 13, 2015; however, Defendant did not timely file an Answer or request an extension of time to respond to the Complaint. On July 16, 2015, Plaintiff

requested (Dkt #4), and the Clerk's Office granted, a Clerk's Entry of Default (Dkt #5) as to Defendant. On August 12, 2015, Defendant moved to vacate the entry of default (Dkt #7), and Plaintiff filed a memorandum of law in opposition (Dkt #10) on September 3, 2015. Defendant did not file a reply brief.

### III. Rule 55(c) Standard

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." FED. R. CIV. P. 55(a). The defaulting party may move to set the default aside pursuant to Rule 55(c) for "good cause shown." FED. R. CIV. P. 55(c). This standard is "more lenient" than the "excusable neglect" standard used when reviewing a motion to set aside a default judgment under Rule 60(b). Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981).

Although the rule does not define "good cause," the Second Circuit has "advised district courts to consider three factors in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party for whom default was awarded." State Farm Mut. Auto. Ins. Co. v. Cohan, 409 F. App'x 453, 455 (2d Cir. 2011) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)); see also, e.g., Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001)

(citations omitted). "Other relevant equitable factors may also be considered, for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." Enron Oil Corp., 10 F.3d at 96 (citation omitted). Because default judgments "are disfavored," Pecarsky, 249 F.3d at 171 (citations omitted), "all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005) (citing Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001)).

## IV.  Discussion

The Court turns now to the application of the foregoing general principles to Defendant's motion.

### A.  Willfulness of Defendant's Default

In the context of a motion pursuant to Rule 55(c), a district court's determination that a default was "willful" is a factual conclusion that is reviewed on appeal under the "clearly erroneous" standard. Cohan, 409 F. App'x at 455 (citing Green, 420 F.3d at 105). The Second Circuit has interpreted "willfulness" to refer to conduct that is "more than merely negligent or careless." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998) (citing American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996) ("American Alliance") (default due to mis-filing by defendant's

-4-

in-house counsel's clerk of two notices; "[s]uch conduct, though grossly negligent, . . . was not willful, deliberate, or evidence of bad faith, though it weighs somewhat against granting relief"); other citations omitted).

In support of its motion, Defendant submitted the Declaration of Thomas Perrotta, Vice President of Client Relations for Penn Credit Corporation ("Perrotta"), acknowledging service of Plaintiff's Summons and Complaint on June 22, 2015. See Perrotta Decl. ¶ 3. Perrotta states, "Relying on its professional, albeit adversarial, relationship with Plaintiff's counsel," his company "almost immediately" contacted Plaintiff's attorney directly "and engaged in a series of verbal discussions to resolve the case without the need for further litigation." Id. ¶¶ 4, 5. Perrotta notes that Defendant is "familiar with" Plaintiff's attorney because they are "occasionally adversaries" in similar litigations nationwide. Id. Perrotta states that Defendant continued to negotiate with Plaintiff's counsel after Plaintiff sought entry of default; these efforts ended with a settlement offer by Defendant to which Plaintiff's counsel had not responded as of the date of Defendant's motion to vacate. Id.

Perrotta indicates that upon receiving notice that the Clerk had entered a default on July 17, 2015, Defendant contacted its attorneys, who engaged local counsel. On August 4, 2015, Perrotta filed a letter with the Court requesting that a default judgment

-5-

not be entered pending Defendant's motion to vacate the Clerk's entry of default, which ultimately was filed on August 12, 2015.

Plaintiff disputes that Defendant ever discussed settlement possibilities with her counsel prior to the answer due-date, and asserts that Defendant made no settlement offer until after the entry of default. Plaintiff's factual averments, however, are made only in her unsworn memorandum of law, and as such, are not entitled to consideration by the Court. See, e.g., Dean v. City of Buffalo, 579 F. Supp.2d 391, 408 (W.D.N.Y. 2008) ("Unsupported factual assertions made only in attorney's affidavits or memoranda do not suffice to raise triable issues of fact.") (citing, inter alia, Randell v. United Statese, 64 F.3d 101, 109 (2d Cir. 1995)).

Furthermore, the cases relied on by Plaintiff wherein the courts have found wilfulness on the part of the defendants are distinguishable. See, Pl's Mem. at 5 (citing, inter alia, SDI Capital Resources, Inc. v. 48-50 9th Operating, Inc., No. 98 CIV. 3784(JSM), 1998 WL 512961, at *2 (S.D.N.Y. Aug. 18, 1998); United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.-Charco Redondo Butane, 755 F. Supp. 1195, 1205 (S.D.N.Y. 1989)). In SDI Capital Resources and United Bank of Kuwait PLC, for example, the defendant "simply ignore[d] the complaint without action[,]" 755 F. Supp. at 1205, and "apparently ma[de] no effort to appear pro se or to explain his situation to the opposing party and to the court[.]" Id. (quotation omitted). That is not the

situation presented here. As set forth in Perrotta's declaration, and discussed above, Defendant did not "simply ignore" the Complaint without taking any action. Although in hindsight, it would have been wise for Defendant to contact the Court and request an extension of time to answer, Defendant's "explanation is not indicative of willful evasion of a duty to respond, or of egregious or deliberate conduct ignoring the service of process, that would support a finding of willfulness." Joe Hand Promotions, Inc. v. Capomaccio, No. 09-CV-6161, 2009 WL 3268558, at *4 (W.D.N.Y. Oct. 6, 2009) (declining to find "willfulness" where defendants "reached out to communicate with plaintiff's counsel regarding a possible settlement or resolution of the case, which resulted in defendants being under the impression that the parties would resolve the matter without further [c]ourt intervention") (citing, inter alia, Standard Enter. v. Bag-It, Inc., 115 F.R.D. 38, 39 (S.D.N.Y. 1987) (concluding "it would be going too far to call the default 'willful,' particularly giving the dispatch with which [defendant] and counsel acted once they finally learned that [defendant] was being sued"); see also State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 246 F. Supp.2d 231, 250 (S.D.N.Y. 2002) ("Although hindsight suggests that the Defendants would have been wise to begin seeking other counsel during this period, a good faith belief that an action will settle constitutes a reasonable basis for failing to interpose an answer.") (citing Gonzalez v.

<u>City of N.Y.</u>, 104 F. Supp.2d 193, 196 (S.D.N.Y. 2000)). It bears repeating that under the lenient standard applicable to Rule 55(c) motions, the Court must resolve any doubt about Defendant's willfulness in its favor. <u>See Enron Oil Corp.</u>, 10 F.3d at 98. Plaintiff has not come forward with sufficient evidence of willfulness to counter Defendant's explanation of why it did not answer the Complaint in a timely fashion. Accordingly, the Court finds this factor supports Defendant's request.

### B.   Prejudice to Plaintiff

Delay, standing alone, does not establish prejudice warranting the denial of a motion to vacate a default. <u>See Davis</u>, 713 F.2d at 916 (when vacating a default judgment, "delay alone is not a sufficient basis for establishing prejudice") (citations omitted). Rather, the Second Circuit has stated, "it *must be shown* that delay will 'result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" <u>Davis</u>, 713 F.2d at 916 (quoting 10 C. Wright, A. Miller and M. Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL, § 2699 at 536-37 (1983); emphasis supplied). Here, Plaintiff asserts in a conclusory fashion that "[a]ny delay increases the chances of a loss of documents and/or witnesses, while also increasing the opportunity for fraud or collusion to occur." Pl's Mem. at 6. Plaintiff's recitation of the legal standard accompanied by unsubstantiated speculation about potential prejudice is

insufficient for purposes of Rule 55(c). See Joe Hand Promotions, Inc., 2009 WL 3268558, at *5 ("[P]laintiff has provided no proof that evidence has been lost as a result of the delay, or that fraud or collusion are likely to result by granting defendants' request. Thus, the lack of prejudice to plaintiff militates in favor of defendants' request."). Additionally, because there has been no entry of a default judgment in this case, Plaintiff cannot demonstrate reliance on a perfected judgment.

The case relied on by Plaintiff, Directv, Inc. v. Rosenberg, No. 02 Civ. 2241(RCC), 2004 WL 345523, at *4 (S.D.N.Y. Feb. 24, 2004), does not assist her cause.  There, the defendant did not act until after a default judgment had been entered.  Although aware of the suit, he had repeatedly ignored multiple court deadlines and proceedings, including inquest proceedings before a magistrate judge and the entry of a final judgment. Directv, 2004 WL 345523, at *3.  Over the course of the 18-month delay occasioned by the defendant's "obstinate conduct," the plaintiff incurred more than $28,000 in attorney's fees and costs. The district court agreed that the plaintiff would be prejudiced financially if the defendant were allowed to re-open the litigation. The present case clearly is in a different procedural posture since no judgment has been entered. Unlike the plaintiff in in Directv, Plaintiff has not provided any evidence to establish that Defendant's conduct to date has been "obstinate." Moreover, the delay here of approximately

three weeks is minimal compared to other cases where vacatur of default has been granted. See, e.g., MD Produce Corp. v. 231 Food Corp., 304 F.R.D. 107, 110 (E.D.N.Y. 2014) ("The delay occasioned thus far by the Defendants' default, while spanning more than a year, has not been so prolonged as to raise a serious risk of lost evidence or increased difficulties of discovery."). On the present record, the Court concludes that vacating Defendant's default will not cause Plaintiff cognizable prejudice. This factor weighs in Defendant's favor.

### C.   Existence of a Meritorious Defense

"In order to make a sufficient showing of a meritorious defense in connection with a motion to set aside a default, the defendant need not establish his defense conclusively, but [it] must present credible evidence of facts that would constitute a complete defense." Cohan, 409 F. App'x at 456 (citing Enron Oil Corp., 10 F.3d at 98) ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense.") (citations omitted)). According to the Second Circuit, this prong requires the defendant to meet a "low threshold of adequacy. . . ." Meehan, 652 F.2d at 277 (citation omitted); see also, e.g., Holford USA Ltd., Inc. v. Harvey, 169 F.R.D. 41, 44 (S.D.N.Y. 1996) ("The third and final prong of the test, whether a meritorious defense is presented,

-10-

requires only that the defendant meet a 'low threshold.'") (quoting Meehan, 652 F.2d at 277).

Here, Plaintiff alleges violations of the FDCPA, 15 U.S.C. § 1692 et seq., and a violation of the TCPA, 47 U.S.C. § 227 et seq. Section 1692d of the FDCPA makes it generally unlawful for a debt collector to engage in any conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt[,]" 15 U.S.C. § 1692d, including "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Section 1692g of the FDCPA requires a debt collector to send, within five dates of the initial communication with a consumer, written notification of the consumer's right to dispute the debt. See 15 U.S.C. § 1692g. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular phone service. . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

With regard to Section 1692g of the FDCPA, Defendant has submitted a copy of the written validation notice mailed on the same day as its initial call to Plaintiff. See Ex. C to Perrotta Decl. With regard to the claims under Section 1692d of the FDCPA

-11-

and under the TCPA, Defendant has submitted its work records for Plaintiff's debt collection file, see Ex. B to Perrotta Decl. According to Defendant, the work records show that it made five manually dialed calls to Plaintiff's cellular phone, all during March 2015, and seven automated calls in March and April 2015. See Perrotta Decl. ¶¶ 9-10 & Ex. B. Defendant also states that the records submitted are devoid of evidence that any automated calls were made to Plaintiff's cellular phone. Id. ¶ 10 & Ex. B. In short, Defendant asserts it can prove that it made at most, twelve calls to Plaintiff during the two-month period of March and April 2015, while Plaintiff has alleged that Defendant made three to four calls per day or ten calls per week. Plaintiff argues that the records submitted do not include records of calls made with Defendant's automated dialing system, and therefore Defendant's evidence does not suffice to show a complete defense to the claims against it. However, Perrotta indicates that the submitted records do identify calls made with an automatic dialer, and that such calls were made on March 9, March 23, and April 10, 2015. Id. ¶ 10 & B.

"To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." American Alliance, 92 F.3d at 61. Here, the information provided by Perrotta in his Declaration and contained in the exhibits attached thereto are sufficient in law "to give the factfinder some determination to

make." <u>Id.</u> (quotation omitted). Regardless of whether Defendant's defenses will ultimately carry the day in court, they satisfy the low threshold of adequacy required by Rule 55(c), and therefore Defendant has fulfilled the "meritorious defense" prong of the test. <u>See</u>, <u>e.g.</u>, <u>American Alliance</u>, 92 F.2d at 61 (liability insurer's claim that policy had been cancelled due to nonpayment of premium before loss was "meritorious defense"; district court erred in requiring conclusive evidence that cancellation was mailed to all parties necessary to effectuate cancellation); <u>Holford USA Ltd., Inc.</u>, 169 F.R.D. at 44 ("Inasmuch as the Defendants deny all material allegations and stand ready to assert several affirmative defenses, they satisfy the low threshold necessary to establish a meritorious defense . . . .").

## V.   Conclusion

For the reasons discussed above, the Court grants Defendant's motion pursuant to Rule 55(c) to set aside the entry of the default against it. Accordingly, it is hereby

**ORDERED** that The Clerk's Entry of Default is vacated. It is further

**ORDERED** that Defendant is granted leave to file an Answer to the Complaint. Defendant's Answer is due ten (10) days from the date of this Decision and Order.

**IT IS SO ORDERED.**

                                        **S/Michael A. Telesca**

_____
                    HON. MICHAEL A. TELESCA
                 United States District Judge

Dated:      November 2, 2015
            Rochester, New York.